Date signed December 14, 2015



**S. MARTIN TEEL, JR.**
**U. S. BANKRUPTCY JUDGE**
SITTING BY DESIGNATION

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **In Re: RAE KIMBERLY WEAVER** | **:** | |
| **Debtor,** | | **Case No. 14-16809** |
| _____: | | **Chapter 7** |
| | | |
| **RAE KIMBERLY WEAVER** | **:** | |
| **Plaintiff,** | **:** | |
| | | **Adversary No. 14-00448** |
| **v.** | **:** | |
| | | |
| **ANNE DUNCAN,** | **:** | |
| **&** | **:** | |
| **U.S. DEPARTMENT OF EDUCATION** | **:** | |
| **Defendants.** | **:** | |

...o0o...

## MEMORANDUM OF DECISION

This case is before the court on the Debtor's amended complaint seeking discharge of

student loans held by the Department of Education on the basis of undue hardship and Defendant

U.S. Department of Education's motion for partial findings pursuant to Federal Rule of

Bankruptcy Procedure Rule 7052 and Federal Rule of Civil Procedure Rule 52(c).

Once a creditor establishes, as is admitted here by the Debtor, that the debt is of the type excepted from discharge under 11 U.S.C. § 523(a)(8), the burden shifts to the Debtor to show that excepting the debt from discharge imposes an undue hardship upon her. She must prove this by a preponderance of the evidence. *In re Bronsdon,* 435 B.R. 791, 796-97 (B.A.P. 1st Cir. 2010) *citing Grogan v. Garner*, 498 U.S. 279, 287 (1991). Section 523(a)(8) of the Bankruptcy Code provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
>
>> (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for--
>>
>>> (A)(i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
>>>
>>>> (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or
>>>>
>>>>> (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual[.]

In the case of *In re Frushour*, 433 F.3d 393, 398 (4th Cir. 2005), the Fourth Circuit adopted the three-part undue hardship test of *Brunner v. N.Y. State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987), setting forth the criteria a debtor must prove to obtain a discharge of student loans. A debtor must show:

> (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans.

*Frushour*, 433 F.3d at 400.

As to *Brunner*'s first prong, Debtor's current income consists of social security disability payments and food stamps. Accordingly, the Court finds that the Debtor cannot maintain a minimal standard of living if forced to repay her loans.

The Court finds that Debtor has not satisfied the remaining two prongs of *Brunner*. Debtor suffers psychological problems arising from PTSD diagnosed in 1998. However, Debtor has not established that her inability to repay her student loans will persist for a significant portion of her student loan repayment period. The Debtor last saw a psychiatrist, Dr. Greenwood, in 2008. Since that time, Debtor has seen Wayne Marshall, who is a licensed clinical professional counselor in the State of Maryland, but not a psychiatrist. Mr. Marshall's testimony shows the Debtor's ongoing psychological challenges, but Mr. Marshall testified that Debtor has shown improvement and Debtor does not take any medications for her condition. Mr. Marshall testified Debtor has anxiety about taking medication and he's been addressing her anxiety, but the record is not clear on whether there are medications that would be helpful to Debtor's condition. Importantly, Mr. Marshall also could not predict for how long the Debtor's condition would prevent her from working. As a result, Debtor fails the second prong of *Brunner.*

With respect to the third prong of *Brunner*, Debtor has made some, but not enough, efforts to establish the requisite good faith to repay her student loans. It is well-established that a failure to pursue available loan repayment programs is an important factor in the good faith inquiry. *See Educ. Credit Mgmt. Corp. v. Mosko¸* 515 F.3d 319, 326 (4th Cir. 2008) ("We have stated that seeking out loan consolidation options is 'an important component of the good-faith inquiry' because such efforts demonstrate that the debtors take their debts seriously and are doing their utmost to repay them despite their unfortunate circumstances."); *Frushour*, 433 F.3d

at 402 ("The debtor's effort to seek out loan consolidation options that make the debt less onerous is an important component of the good-faith inquiry."). Here, Debtor testified that she contacted Allied Interstate, a debt collection agency, to arrange $5 payments to move her loans out of a default status. She also testified that she contacted her new loan servicer post-rehabilitation in an unsuccessful attempt to restart $5.00 monthly payments. However, Debtor learned during this adversary proceeding by letter from counsel for the Department of Education that she could apply for an income-based repayment plan under William D. Ford and potentially qualify for $0 monthly payments and loan forgiveness after twenty-five years if her financial situation did not change. Contrary to the Fourth Circuit's instruction in *Spence v. Educational Credit Management Corp.,* 541 F.3d 538 (4th Cir. 2008) that a debtor must make good faith efforts to explore the possibility of loan consolidation programs that offer reduced payments, Debtor did not apply for an income-based repayment plan.

Debtor testified that she explored the Department of Education's disability discharge before commencing this adversary proceeding by contacting the Social Security Administration ("SSA") for the documentation requested in the disability discharge application. Debtor testified that SSA informed her that it did not have the documentation Debtor was requesting, so Debtor concluded she could not apply for the Department of Education's disability discharge. During this proceeding, counsel for the Department of Education informed Debtor that she could potentially qualify for disability discharge by physician certification stating that she is unable to engage in substantial gainful employment. After learning this information, Debtor still did not apply for the Department's disability discharge. Debtor's failure to do so further weighs against a finding of good faith. *See, e.g., Cagle v. Educ. Credit Mgmt. Corp.,* 462 B.R. 829, 832 (D.

Kan. 2011) ("the bankruptcy court may determine the debtor lacks a good faith attempt to repay the loan when administrative remedies are available to him but are not pursued.").

Because there were still options available to Debtor (*e.g.*, income-based repayment under William D. Ford or disability discharge) that she did not explore, Debtor cannot satisfy *Brunner's* third prong.

The Court finds the Debtor has not sustained the weighty burden of proof imposed upon her by Fourth Circuit law. Accordingly, the Court grants Defendant's motion for judgment on partial findings.

Judgment will be entered in favor of the Defendant by a separate order.


cc:     Kenneth W. Hagans
        Maryland Legal Aid Bureau, Inc.
        6811 Kenilworth Ave.
        Suite 500
        Riverdale, MD 20737-1333
        *Counsel for Plaintiff*

        Rebecca A. Koch
        Office of the U.S. Attorney
        36 S. Charles Street
        Baltimore, MD 21201
        *Counsel for Defendant*

        United States Trustee
        6305 Ivy Lane #600
        Greenbelt, MD 20770

**End of Memorandum of Decision**